UNITED STATES of America,
Plaintiff,

v.

Joshua L. BEAMAN, Defendant.

No. C4–03–076.

United States District Court,
D. North Dakota,
Northwestern Division.

June 25, 2004.

Cameron W. Hayden, Bismarck, ND, Plaintiff.

Michael Ray Hoffman, Bismarck, ND, for Defendant.

ORDER GRANTING GOVERNMENT'S MOTION TO ALLOW VIDEO TESTIMONY OF PROSECUTION WITNESS WAYNE ROSS

HOVLAND, Chief Judge.

Before the Court is the Government's Motion to Allow Telephonic/Video Testimony of Prosecution Witness Wayne Ross or, in the alternative, to Continue Trial, filed on June 23, 2004. The Government anticipates that Ross, an employee of the Redwood Toxicology Laboratory in California, will testify at trial that the Defendant's urinalysis tested positive for methamphetamine. The basis for the Government's motion is that Ross cannot appear in person to testify at trial because he is subject to subpoenas in two other criminal cases issued prior to the federal subpoena. The Defendant has not stipulated to the admission of Ross's report at trial, does not waive his right to confront witnesses against him in open court, and has objected to any continuance of trial.

The Confrontation Clause of the Sixth Amendment reads in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig*, 497 U.S. 836, 845, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). "The right guaranteed by the Confrontation Clause includes not only a personal examination ... but also (1) insures that the witness will give his statements under oath—thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the greatest

legal engine ever invented for the discovery of truth; [and] (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility." *Maryland v. Craig*, 497 U.S. 836, 845, 110 S.Ct. 3157, 111 L.Ed.2d 666 (internal citations and quotations omitted). "The combined effect of these elements of confrontation—physical presence, oath, cross-examination, and observation of demeanor by the trier of fact—serves the purposes of the Confrontation Clause by ensuring that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo–American criminal proceedings." *Id.*

The optimal way of conducting a trial is for the witness to appear in person in court to face the defendant, and to be subject to cross-examination in their presence (historic preference for in-person encounters between accused persons and their accusers). "American criminal procedure, however, is pragmatic. It recognizes that this ideal condition can not be made available in every instance if there is to be an effective search for the truth in an atmosphere protecting the defendant's needs for fairness and due process and the public's right to protection against crime." *United States. v. Gigante*, 971 F.Supp. 755, 756–57 (E.D.N.Y.1997) (citing *Maryland v. Craig*, 497 U.S. 836, 850, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) (sanctioning the use of closed circuit television to transmit testimony of a witness when "necessary to further an important public policy" and where "the reliability of the testimony is otherwise assured")).

Rule 43 of the Federal Rules of Civil Procedure was amended in 1996 to provide explicitly for televised presentation of testimony in compelling circumstances and when good cause is shown. The analogous Federal Rule of Criminal Procedure was not amended in the same way. *Compare* Fed.R.Crim.P. 26 *and* Fed.R.Civ.P. 43. However, this does not preclude the use of contemporaneous televised examinations of witnesses in federal criminal cases. A court's need to seek the truth, to efficiently conduct a trial, and to ensure that persons with important information relating to the case be heard, permit a court to interpret the Federal Rules of Criminal Procedure in ways that justice mandates. *See* Fed.R.Crim.P. 2. When the Federal Rules of Criminal Procedure do not speak specifically to a matter, the court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Rules of Civil Procedure. *See* Fed.R.Crim.P. 57 ("a judge may regulate practice in any manner consistent with federal law, these rules, and local rules of the district" where there is no controlling law on an issue).

The Court notes that video conferencing technology has been upheld as an alternative means of taking the testimony of witnesses in criminal cases. *See Edwards v. Logan*, 38 F.Supp.2d 463, 465 (W.D.Va. 1999) (citing *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) (holding that closed circuit television constitutionally permitted for taking testimony of a child witness), and *United States v. McDougal*, 934 F.Supp. 296 (E.D.Ark. 1996) (holding that exceptional circumstances justified the taking of the President's testimony through the use of a deposition by video conferencing)). The Court also notes that "the most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons ... but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might

not be able to be available at a later time...." *United States v. Gigante*, 971 F.Supp. 755, 757 (E.D.N.Y.1997).[1]

The Court finds that the circumstances of this case justify the taking of Ross's testimony via live video. Ross, a California resident, is unable to appear in person at trial as scheduled and the Defendant opposes continuing the trial to a later date. "Although face-to-face confrontation forms the core of the values furthered by the Confrontation Clause ... [the Supreme Court has] nevertheless recognized that it is not the sine qua non of the confrontation right." *Maryland v. Craig*, 497 U.S. 836, 847, 110 S.Ct. 3157, 111 L.Ed.2d 666 (internal citations and quotations omitted). "[T]he Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose [testimonial] infirmities [such as forgetfulness, confusion, or evasion] through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." *Delaware v. Fensterer*, 474 U.S. 15, 22, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curiam). The Court finds that Ross' appearance in court via video teleconferencing will not deprive the Defendant of his right to confront witnesses. Ross, the prosecution, and the defense will be able to see and speak to each other. Ross will be testifying under oath, will be subject to cross-examination, and his demeanor will be observable to the jurors. In addition, the video signal will be transmitted live and in real time. The Court also notes the Defendant will be present in court, satisfying the requirements of Rule 43 of the Federal Rules of Civil Procedure. Finally, the Court finds that Ross's personal appearance or lack thereof is unlikely to affect the content of his testimony. All indications are that Ross will be called to testify as to the result of the urinalysis testing as well as the manner in which the Defendant's urinalysis was performed.

Accordingly, the Government's Motion to Allow Telephonic/Video Testimony of Prosecution Witness Wayne Ross (Docket No. 27) is **GRANTED**. Ross is to appear at trial via video teleconference. The Government is directed to make the necessary arrangements with Ross to ensure that he is able to appear live via video from California. As there is no need for a continuance of trial, the Government's Motion to

---

1. The Eighth Circuit has yet to explicitly address the issue of adult witnesses appearing via video in criminal cases in the present context. However, the Eleventh Circuit has addressed the issue in a case entitled *Harrell v. Butterworth*, 251 F.3d 926 (11th Cir.2001). Although the Eleventh Circuit's analysis is not binding on this Court, it is instructive.

In *Harrell*, the Eleventh Circuit held that a witnesses' testimony via two-way, closed-circuit satellite transmission did not violate the defendant's constitutional right to confront witnesses. It reasoned:

The Supreme Court has never held ... that the Confrontation Clause guarantees criminal defendants the absolute right to a face-to-face meeting with witnesses against them at trial. Instead, the Confrontation Clause reflects a preference for face-to-face confrontation at trial, a preference that must occasionally give way to considerations of public policy and the necessities of the case. A defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and where the reliability of the testimony is otherwise assured. The requisite finding of necessity is a case-specific one. The combined effect of the elements of confrontation—physical presence, oath, cross-examination, and observation of demeanor by the trier of fact—serves the purposes of the Confrontation Clause by ensuring that evidence admitted against an accused is reliable....

*Harrell v. Butterworth*, 251 F.3d 926, 930 (internal quotations and citations omitted).

Continue Trial (Docket No. 27) is **DE-NIED** as moot.

**IT IS SO ORDERED.**