Trent MANNING

v.

Officer Robert TEFFT, Christine Tague, Treasurer, City of Pawtucket and City of Pawtucket.

Civ. A. No. 91–0253–T.

United States District Court, D. Rhode Island.

Jan. 3, 1994.

David Cicilline, Providence, RI, for plaintiff.

Joseph F. Penza, Jr., Warwick, RI, John Gannon, City Solicitor's Office, Pawtucket, RI, for defendant.

### MEMORANDUM AND ORDER

TORRES, District Judge.

This is an action brought pursuant to 42 U.S.C. § 1983. It is presently before the Court for consideration of the plaintiff's motion to vacate the trial date and stay the proceedings until his pending criminal prosecution in the state court is concluded or, in the alternative, for a writ of habeas corpus *ad prosequendum* and *ad testificandum* requiring that he be transported to the trial, free of charge, from the United States Penitentiary in which he is presently incarcerated. For reasons stated below, both motions are denied in part and granted in part.

### FACTS

On October 15, 1989, Trent Manning was involved in an altercation with Robert Denton outside of a nightclub in the City of Pawtucket. Officer Robert Tefft of the Pawtucket Police Department separated the combatants, and Manning temporarily left the scene. According to various witness statements, Manning later returned with a screwdriver and stabbed Jose Small. When Manning refused to drop the screwdriver, Tefft fired a shot that struck Manning in the abdomen.

Unspecified charges were brought against Manning in the Rhode Island District Court. For reasons that counsel are unable to explain, those charges were dismissed. On February 26, 1992, a criminal information was filed against Manning in the Rhode Island Superior Court. It contained three counts charging Manning *inter alia* with assaulting Tefft with a dangerous weapon, assaulting Small with a dangerous weapon and assaulting Denton. Those charges are still pending, and no trial date has been set. In fact, it has been suggested that the State of Rhode Island may have lost interest in prosecuting Manning because he currently is serving a 33 year sentence at the United States Penitentiary in Lewisburg, Pennsylvania.

Manning brought this suit seeking damages under § 1983 for what he alleges to be various denials of his constitutional rights based on unlawful arrest, excessive use of force and malicious prosecution. Those allegations also form the basis for a number of pendent claims asserted under state tort law.

In February, 1993, Manning moved for a stay of this case pending resolution of the

criminal prosecution. At that time, both counsel expressed the opinion that trial on the state criminal charges was imminent. This Court denied the motion but agreed not to schedule the trial before midsummer.

On September 23, 1993, a trial notice was issued advising the parties that a jury would be empaneled on October 12, 1993. On October 8, Manning filed the instant motions seeking to vacate the trial date and stay the case until completion of the criminal proceeding or, alternatively, to issue a writ of habeas corpus *ad prosequendum* and *ad testificandum* to obtain Manning's presence at the trial at government expense.

In a bench ruling, the Court granted the motion to stay the trial of the "unlawful arrest" claim but denied the motion to stay the trial of the "excessive force" claim. The Court also denied the habeas motion to the extent that it would have required the government to pay the cost of Manning's transportation. When it became clear that Manning would not appear for the trial, Tefft moved to dismiss the "excessive force" claim. That motion was granted *ore tenus*. No written order incorporating the Court's rulings has yet been entered.

## DISCUSSION

### I. *Motion To Stay*

■The rule in this Circuit is that a federal suit for damages under § 1983 *must* be stayed pending completion of a parallel criminal prosecution in state court if the validity of the state criminal charge is a necessary issue in the federal suit. *Guerro v. Mulhearn*, 498 F.2d 1249, 1255 (1st Cir.1974). This rule is rooted in principles of comity and judicial efficiency. Its purpose is to avoid undermining state criminal prosecutions and to avoid litigating questions that could be settled by those prosecutions. *See Landrigan v. City of Warwick*, 628 F.2d 736, 743 (1st Cir.1980); *Guerro*, 498 F.2d at 1254.

In *Landrigan*, the plaintiff was arrested on a motor vehicle violation charge and brought a § 1983 action in federal court alleging that the officers arrested him without probable cause. The Court held that the federal suit could not proceed because a state prosecution for the motor vehicle offense was pending and "could settle the question whether defendants had probable cause to arrest plaintiff on that charge." *Landrigan*, 628 F.2d at 743. The Court went on to state that if the § 1983 action resulted in a judgment for the plaintiff, that would be tantamount to "the rendering of a declaratory judgment that the pending charge is baseless" thereby substantially undermining the state prosecution in contravention of "the federalism concerns behind *Younger* abstention." *Id.* at 743.

■ *Landrigan* is dispositive of the motion to stay Manning's claim for "unlawful arrest." The gist of that claim is that Tefft lacked probable cause to believe that Manning had committed a crime. A judgment in Manning's favor on that claim would border on a determination that he is not guilty of the state charge. Moreover, awaiting the outcome of the criminal prosecution may make it unnecessary to litigate Manning's false arrest claim. If Manning is convicted of the offense for which he was arrested, he may be collaterally estopped from asserting that he was arrested without probable cause. *See Landrigan*, 628 F.2d at 744.

■ By way of contrast, Manning's "excessive force" claim presents issues that are entirely separate and distinct from those underlying the state prosecution. Whether Tefft used more force than was reasonably necessary to effect Manning's arrest has no bearing on Manning's guilt or innocence with respect to the assault charges. Conversely, Manning's conviction or acquittal on those charges will have no impact on his "excessive force" claim. The mere fact that the alleged assault precipitated Manning's arrest does not mean that his suit challenging the manner in which the arrest was performed should be stayed pending resolution of the assault charges. The Court of Appeals has recognized that "not every situation where a Section 1983 action is related to contemporaneous state proceedings will be one where completion of the state proceedings will appropriately be a prerequisite to trial of the federal claim." *Guerro*, 498 F.2d at 1254.

■ When the validity of state criminal charges is not a necessary issue in a federal § 1983 action, the test for determining whether a stay should be granted is whether "the potential harm to comity and the orderly administration of criminal justice" outweighs "the potential harm to the litigant." *Guerro*, 498 F.2d at 1255. Here, there is no identity between the issues in the two cases and, therefore, proceeding with the federal suit does no violence to principles of comity. Nor will completion of the state prosecution settle any issue underlying the "excessive force" claim. On the other hand, staying that claim will indefinitely postpone the trial thereby depriving Tefft of his right to a prompt resolution of the claim against him. In short, the scale clearly tips against granting a stay of the "excessive force" claim.

II. Motion For Writ Of Habeas Corpus *Ad Prosequendum* and *Ad Testificandum*

Manning's counsel candidly acknowledges that the purpose of his motion for a writ of habeas corpus *ad prosequendum* and *ad testificandum* is not to ensure that prison officials will allow Manning to attend the trial. Rather, it is motivated by a desire to have the cost of Manning's transportation and other expenses associated with his appearance borne by the government rather than by Manning himself who claims to be indigent.

■ It is fundamental that, in appropriate cases, a federal court may direct that a prisoner who has filed a civil suit be permitted to attend the trial. *See* 28 U.S.C. § 2241(c)(5); *Spears v. Chandler*, 672 F.2d 834, 835 (11th Cir.1982). However, Manning has cited no authority for the proposition that the Court is authorized or required to direct payment of the costs associated with such appearances.

■ Section 1915 of Title 28 does allow the Court, in appropriate cases, to relieve an indigent civil litigant from the obligation to pay filing fees, costs associated with service of process and charges for certain types of stenographic transcripts. However, transportation expenses are materially different in character from the kinds of costs enumerated in § 1915, and the statute contains no provision for their payment. Directing that public funds be used to pay such expenses would constitute the kind of affirmative assistance to a civil litigant that has been held beyond the scope of § 1915. *See Beard v. Stephens*, 372 F.2d 685 (5th Cir.1967).

Nor is there any constitutional requirement that public funds be used to transport a prisoner to a civil trial under the circumstances presented in this case. It is clear that a prisoner does not even have a constitutional *right* to be *present* at a civil trial to which he is a party. *Stone v. Morris*, 546 F.2d 730 (7th Cir.1976); *Armstrong v. Rushing*, 352 F.2d 836, 837 (9th Cir.1965). Therefore, it follows that a prisoner has no constitutional right to be transported to the trial, free of charge.

It is equally clear that a court has discretion to order that a prisoner be *permitted* to attend a civil trial. *Michaud v. Michaud*, 932 F.2d 77 (1st Cir.1991). In exercising that discretion, a court should consider a variety of factors including security considerations, the substantiality of the issues, the possibility of delaying the trial until the prisoner is released and the extent of the prisoner's interest in presenting his testimony in person rather than by deposition. *Id.* at 81.

■ However, even if it is assumed that such discretion includes the authority to direct payment of transportation expenses, this would not be an appropriate case in which to exercise that authority. Except for the fact that he is incarcerated, Manning is in no different position than any other civil litigant who resides some distance from the courthouse where the trial is being conducted. Clearly, it would be inappropriate for the Court to direct payment of an unincarcerated litigant's transportation expenses even if that litigant was indigent especially when that litigant is the plaintiff who selected the forum. The fact that Manning is incarcerated does not entitle him to more favorable treatment. Although he did not choose to be incarcerated in Pennsylvania, he is responsible for his presence there to the same extent as a litigant who is required to relocate for health or employment reasons. Thus, it would be patently illogical to pay his transportation expenses merely because he has

been convicted of a crime warranting his incarceration.

 In short, the Court holds that, generally speaking, a prisoner who is a plaintiff in a civil case must bear the cost of transporting himself to the place of trial and is not entitled to have that cost paid by the government. The Court need not address the circumstances under which exceptions to the rule might be appropriate. Certainly, one possibility would be cases in which the defendants (e.g., prison officials being sued for alleged brutality) caused the prisoner to be placed in a distant institution in order to prevent him from pursuing his claim. Since this case does not fit into that mold, resolution of that question must be left to another day.

## CONCLUSION

For all of the foregoing reasons, it is hereby ordered that:

1. The excessive use of force claim contained in Count One and the assault and battery claims contained in Counts Five and Six are hereby dismissed with prejudice.

2. The unlawful arrest and false imprisonment claims contained in Counts One, Five and Six are hereby stayed until further order of this Court.

3. The motion for writ of habeas corpus *ad prosequendum* and *ad testificandum* is hereby granted to the extent that it would permit plaintiff to attend trial, and it is hereby denied to the extent that it would require the government to pay the cost of his transportation.

IT IS SO ORDERED.