**UNITED STATES of America, Plaintiff,**

**v.**

**James B. McDOUGAL, Jim Guy Tucker and Susan H. McDougal, Defendants.**

**No. LR–CR–75–713.**

United States District Court, E.D. Arkansas, Western Division.

March 20, 1996.

Kenneth W. Starr, W. Ray Jahn, Bradley E. Lerman, Amy J. St. Eve, Office of the Independent Counsel, Little Rock, Arkansas, for plaintiff.

Sam T. Heuer, Little Rock, Arkansas, for defendant James McDougal.

William H. Sutton, Friday, Eldredge & Clark, Little Rock, Arkansas, George B. Collins, Collins & Bargione, Chicago, Illinois, James J. Lessmeister, Arnold, Grobmyer & Haley, Little Rock, Arkansas, for defendant Tucker.

Bobby McDaniel, Jonesboro, Arkansas, Jenniffer Horan, Federal Public Defender, Little Rock, Arkansas, for defendant Susan McDougal.

### ORDER

GEORGE HOWARD, Jr., District Judge.

Pending before the Court is the motion of defendant James B. McDougal ("McDougal") to compel the personal attendance of President Clinton at the trial.[1] McDougal states that the President's personal appearance at trial is critical. He contends that requiring the President to travel to Arkansas to testify would be the most expedient and efficient manner in which to obtain the President's testimony. McDougal proposes that to accommodate the President's schedule, the President testify at a Saturday session of Court sometime in April.

The Department of Justice ("DOJ"), on behalf of the President in his official capacity,

filed a response in opposition to McDougal's motion.[2] McDougal filed a motion to strike DOJ's response contending that as the Attorney General and the DOJ have recused in this case, the President can only be represented by White House Counsel or his personal lawyer.

■ The Attorney General's and DOJ's appearance on behalf of the President in this action is unaffected by the investigative and prosecutorial functions of the Independent Counsel. Here, the Attorney General retains the statutory authority to represent the President's interests with regard to the President testifying in this matter. *See* 28 U.S.C. § 517. Thus, there is no basis to strike the President's response.

■ With regard to the merits of McDougal's request, President Clinton argues that he should be allowed to testify by videotaped deposition at a time and place of his choosing which is consistent with the President's discharge of his constitutional office. President Clinton states that such a deposition is provided for under Rule 15 of the Federal Rules of Criminal Procedure.[3]

Rule 15(a) provides in pertinent part:

Whenever due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition. . . .

■ Motions under Rule 15(a) should be reviewed on a case-by-case basis, "examining whether the particular characteristics of each case constitute 'exceptional circumstances.'" *United States v. Dillman,* 15 F.3d 384, 389 (5th Cir.1994) (citation omitted). The burden is on the party requesting the deposition to establish exceptional circumstances. *United*

---

**1.** By Order dated February 5, 1996, the Court granted the request of defendants Susan H. McDougal and James B. McDougal for an order directing the Clerk of the Court to issue a witness subpoena for President Clinton to appear and give testimony during their trial.

**2.** Counsel for the President in his personal capacity, filed a memorandum in opposition to

McDougal's motion which adopted the Department of Justice's memorandum.

**3.** Although President Clinton raises his request in his response to McDougal's motion to compel, the Court will construe the President's response as a motion pursuant to Rule 15(a).

*States v. Drogoul,* 1 F.3d 1546, 1552 (11th Cir.1993).

President Clinton states that the testimony of a sitting President is an exceptional circumstance justifying the use of a deposition. He points out that no sitting President has ever been directed to provide in-court testimony. In the few cases where the issue has arisen, the courts have recognized the unique status of the President as Chief Executive. Thus, in *United States v. Fromme,* 405 F.Supp. 578 (E.D.Cal.1975) a defendant charged with attempting to assassinate President Ford sought his testimony at her trial. The court found that the defendant's right to a fair trial and the President's special status could be accommodated by a videotaped deposition under Rule 15.

In *United States v. Poindexter,* 732 F.Supp. 142 (D.D.C.1990), the court found that the testimony of former President Reagan at the trial of his former National Security Advisor arising from the "Iran–Contra Affair" should be taken by deposition. The court noted that the videotaped deposition adequately protected the right of the defendant to a fair trial.

In this instance, the Court is of the opinion that requiring President Clinton to travel to Arkansas to provide in-court testimony would be unduly burdensome to the President in the performance of his official duties. *See Fromme,* 405 F.Supp. at 583 ("In recognition of the high office of the President and being mindful of the inconvenience and burden the subpoena will impose upon him, the court will not require the President to come to court to present his testimony ..."). Thus, the Court finds that exceptional circumstances exist and that the testimony of President Clinton shall be taken by videotape deposition pursuant to Rule 15 of the Federal Rules of Criminal Procedure. The Court further finds that a videotaped deposition protects defendants' rights to a fair trial and an adequate defense.

■ President Clinton proposes a number of restrictions with regard to the taking of the deposition. The government, through the Office of Independent Counsel ("Independent Counsel"), also proposes certain restrictions. With regard to the deposition,

the Court directs the parties to consult with counsel for the President concerning the method of videotaping and file with the Court either a stipulation as to the procedure or a notice of their disagreement within five days of the date of this Order. The Court is not persuaded that the deposition should take place in a federal courtroom as requested by the Independent Counsel. Rather, the deposition can take place at the White House, but any insignia associated with the Office of President (such as the Presidential Seal) should not be displayed. Counsel for the President as well as counsel for the parties may be present at the deposition.

Counsel for the parties and the President are also ordered to propose to the Court a date for the President's testimony following the testimony of David Hale. If the parties are unable to agree to a date, the Court will set the date.

■ President Clinton requests that counsel for defendants submit their proposed questions to the Court and counsel to the President to ensure that the parties not engage in improper or unauthorized examination. Such a procedure was used in *Poindexter.*

The Court is not persuaded that a prior determination of the proposed questions is warranted in this instance. McDougal, as well as his co-defendant Susan McDougal, state that President Clinton's testimony is necessary to respond to assertions by David Hale. The Court is of the opinion that all counsel in this case will comport themselves professionally and not delve into irrelevant or inappropriate areas of inquiry. As the anticipated testimony of President Clinton concerns events prior to his presidency, matters of national security should not be of concern. Furthermore, the Court will preside over the deposition by videoconferencing, and will rule on any objections at the time of the deposition.

Following the deposition, the parties are ordered to consult on any necessary editing of the videotape prior to its presentation at the trial. If the parties are unable to agree on the editing, the Court will resolve the matter.

The original of the videotape will be held by the Court with copies provided only to the parties and counsel to the President. Copies may not be provided to others unless and until the tape is played at trial and then only in the form presented at trial.

Accordingly, McDougal's motion to compel the personal appearance of President Clinton is denied; the testimony of President Clinton shall be taken by videotaped deposition pursuant to Fed.R.Crim.P. 15. The motion of Susan McDougal (filed March 12, 1996) to adopt McDougal's motion is granted. McDougal's motion to strike the response is denied.

IT IS SO ORDERED.