NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

6th Circuit Court - Concord District Division
No. 2012-372


LUCIEN VINCENT

v.

DAVINA MACLEAN

Submitted: October 16, 2013
Opinion Issued: March 7, 2014


Lucien Vincent, self-represented party, by brief.


Davina MacLean, self-represented party, by brief.


Bragdon, Dowd & Kossayda, P.C., of Keene (Kelly E. Dowd on the brief), for the New Hampshire Civil Liberties Union, as amicus curiae.


Joseph A. Foster, attorney general (Frank C. Fredericks, attorney, on the memorandum of law), for the State of New Hampshire, as amicus curiae.


CONBOY, J. The plaintiff, Lucien Vincent, appeals an order of the 6th Circuit Court – Concord District Division (Boyle, J.) granting judgment to the defendant, Davina MacLean, on his small claim complaint against her. He

argues that the trial court erred by disregarding "overwhelming" evidence in his favor and failing to hold the defendant liable and by denying his motion to appear in person at the hearing on the merits, which he alleges violated his right to due process. We affirm.

The record supports the following facts. In late January 2012, while incarcerated at the New Hampshire State Prison, the plaintiff filed a small claim complaint against the defendant, his former girlfriend, seeking to recover seven thousand dollars for "[i]dentity theft, personal earnings and [b]enefits." The trial court scheduled a hearing on the merits for May 7, 2012, with the plaintiff to participate by video conference.

On April 9, the plaintiff moved to personally appear at the hearing and requested the issuance of a transport order to ensure his presence. The plaintiff maintained that he had "a fundamental constitutional right to meaningful access to the courts" (quotation omitted), and argued that electronically participating in the hearing would deny him that right. The defendant objected and moved to dismiss the plaintiff's complaint. On April 24, the plaintiff filed a pleading objecting to the defendant's motion to dismiss, stating that he had written proof of his claims and again requesting that he be allowed to personally appear at the May 7 hearing. On April 30, the court denied the plaintiff's request to personally appear at the hearing, ruling that the "[h]earing remains scheduled . . . via video conference."

The court conducted the merits hearing as scheduled. Although the hearing transcript states that the plaintiff appeared telephonically, the plaintiff's appeal brief indicates that the hearing was held by video conference, which included a telephonic connection. At the hearing, the plaintiff testified that, while he was incarcerated, the defendant, without his permission, obtained cable, internet and telephone accounts in his name, used his credit cards, and withdrew money from his bank account, including money he received as a tax refund. The plaintiff submitted certain bank documents, which he alleged supported his claims. The defendant testified that she and the plaintiff had a joint bank account into which she made regular deposits and from which she withdrew money for various purposes. She acknowledged that she had taken money from the overdraft account and stated that she had already spoken with the bank and was "going to take care of that." Following the hearing, the court issued an order rendering judgment for the defendant as a result of "[i]nsufficient evidence presented." This appeal followed.

The plaintiff first argues that the trial court erred in disregarding the "overwhelming testimony and evidence" in support of his claims and failing to hold the defendant liable. We will uphold the findings and rulings of the trial court unless they lack evidentiary support or are legally erroneous. Green v. Sumner Props., 152 N.H. 183, 184 (2005). "We defer to the trial court's

2

judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." Id. (quotation and brackets omitted).

The record supports the trial court's ruling in favor of the defendant. At the hearing, the plaintiff testified that the defendant, without his permission, used his credit cards and obtained cable, internet and telephone accounts in his name. However, aside from the plaintiff's testimony, there is no evidence to support these allegations. In addition, although the plaintiff testified that the defendant stole his tax refund money from his bank account, the defendant testified that, in fact, the account was a joint account into which she regularly made deposits and from which she withdrew money. Moreover, the bank documents submitted by the plaintiff list both the plaintiff and the defendant on the account. It was for the trial court, as fact finder, to resolve such conflicting evidence and judge the credibility of witnesses. Id. Based upon this record, we conclude that the trial court did not err in determining that the evidence was insufficient to support the plaintiff's claims.

The plaintiff next contends that the trial court erred by denying his motion to personally appear at the final hearing, which he alleges violated his right to due process. The plaintiff does not identify whether the due process right he claims arises under the State or Federal Constitution and fails to cite a provision of either constitution. Accordingly, we address this argument under the Federal Constitution only. See Auger v. Town of Strafford, 156 N.H. 64, 68 (2007).

The Fourteenth Amendment to the United States Constitution reads, in part, that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. There is no "doubt that prisoners have a constitutional right of access to the courts" and that states must "insure that inmate access to the courts is adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 821, 822 (1977), overruled in part on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996); see also Thornton v. Snyder, 428 F.3d 690, 697 (7th Cir. 2005) (recognizing that "due process prohibits the denial of access to the courts"). However, "this does not necessarily mean that a prisoner has some inherent constitutional right to appear personally at a hearing or at a trial with respect to the civil suit which he has filed." Clark v. Hendrix, 397 F. Supp. 966, 968-69 (N.D. Ga. 1975). Indeed, it is "well established that prisoners do not have an absolute constitutional right to be present in their own civil actions." Cook v. Boyd, 881 F. Supp. 171, 175 (E.D. Pa. 1995); see Matter of Warden of Wisconsin State Prison, 541 F.2d 177, 180 (7th Cir. 1976) ("The due process requirements of the Fifth and Fourteenth Amendments, which guarantee access to the courts, do not grant a prisoner the right to attend court in order to carry on the civil proceedings which he initiates."); see also Stone v. Morris, 546 F.2d 730, 735

(7th Cir. 1976); Manning v. Tefft, 839 F. Supp. 126, 129 (D.R.I. 1994).  The United States Supreme Court succinctly explained this principle in Price v. Johnston, 334 U.S. 266, 285-86 (1948):

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.  Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394, to parties in all the courts of the United States to plead and manage their own causes personally.

(Quotation omitted).  Thus, under federal law, "the district court has discretion to determine whether a prison inmate can attend court proceedings in connection with an action initiated by the inmate," Thornton, 428 F.3d at 697, and federal courts of appeals review such district court decisions "for an abuse of discretion," id.; Michaud v. Michaud, 932 F.2d 77, 81 (1st Cir. 1991); Stone, 546 F.2d at 735.

Nevertheless, "the lack of a constitutional right to attend a civil action [does] not warrant summary exclusion of an inmate plaintiff from his trial." Thornton, 428 F.3d at 697; see Stone, 546 F.2d at 735.  "Rather the trial court must weigh the interest of the plaintiff in presenting his testimony in person against the interest of the state in maintaining the confinement of the plaintiff-prisoner."  Thornton, 428 F.3d at 697 (quotation omitted).

Here, the trial court did not summarily exclude the plaintiff from the hearing on his civil action but instead conducted the hearing by video conference, which included a telephonic connection.  We acknowledge that video conferencing "is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video conferencing."  Edwards v. Logan, 38 F. Supp. 2d 463, 467 (W.D. Va. 1999).  "This may be particularly detrimental where it is a party to the case who is participating by video conferencing, since personal impression may be a crucial factor in persuasion."  Id.  We note, however, that "[d]espite the limitations videoconferencing provides, challenges to videoconference proceedings have been rejected in [various] civil contexts," Thornton, 428 F.3d at 697, and, with respect to prisoner-plaintiffs, "courts are increasingly looking to videoconferencing as a viable alternative to live testimony."  Vaughan v. Sposato, No. CV-11-3097 (SJF)(ARL), 2013 WL 5774880, at *3 (E.D.N.Y. Oct. 21, 2013) (quotation omitted); see also Perotti v. Quiones, No. 2:10-cv-00086-JMS-MJD, 2013 WL 4008188, at *2 (S.D. Ind. Aug. 5, 2013); Montes v. Rafalowski, No. C 09-0976 RMW, 2012 WL 2395273, at *2 (N.D. Cal. June 25, 2012); Twitty v. Ashcroft, 712 F. Supp. 2d 30, 33 (D. Conn. 2009); Edwards, 38 F. Supp. 2d at 467-68.

"The limitations videoconferencing presents demonstrate that the decision to deny a prisoner the opportunity to be physically present at a . . . trial he initiates is not one that should be taken lightly." Thornton, 428 F.3d at 698. "Nonetheless, this decision remains within the [trial] court's discretion, and [the] recognition of videoconferencing's limitations does not mean that [the plaintiff] was denied due process." Id.

We cannot say that the trial court here unsustainably exercised its discretion in deciding to conduct the plaintiff's hearing by video conference. This case involved a small claim action tried to the court and not a jury. See Stone, 546 F.2d at 736 (stating that "whether the trial is to be to the court or to a jury" is a factor to be considered in determining whether to allow a plaintiff-prisoner to attend the trial on his claim). The plaintiff called no other witnesses at the hearing. See id. (stating that another factor to consider is "whether the prisoner has any other witnesses to call at trial or whether . . . the prisoner is the only person who can render testimony consistent with the allegations of his complaint"). Moreover, because the plaintiff was representing himself, "he did not have counsel forced to choose between being in the same room as his client and thus not in the same room as the judge . . ., or remaining in the courtroom with the judge . . . and thus unable to confer in person with his client." Thornton, 428 F.3d at 699. We also note the relatively straightforward nature of the plaintiff's complaint that the defendant took seven thousand dollars from him. See id. (considering the nature of the plaintiff's claim in upholding trial court's decision to conduct trial by video conference).

Finally, the record does not support the plaintiff's argument that the court denied him the right to due process by denying his motion to personally appear because he was unable to "admit exhibits on his behalf" or to "adequately question" the defendant. Prior to the hearing, the plaintiff submitted documentary evidence for the court to review regarding his claims. At the hearing, the plaintiff referred to certain documents, which the court confirmed that it had. There is no indication that the plaintiff sought to admit other exhibits but could not do so as a result of the hearing procedure. Although the plaintiff maintains that he was denied the opportunity to "adequately question" the defendant, at no time did the plaintiff seek to question the defendant. Nor has he presented the substance of any questions he would have posed to the defendant, or how the answers to such questions would have affected the court's ruling. See id. (finding plaintiff had "not identified anything he was unable to do via videoconference that he could have done had he been physically present in the courtroom"); cf. McIntire v. Woodall, 140 N.H. 228, 230 (1995) (explaining that, to prevail on a due process claim, plaintiff must demonstrate actual prejudice).

5

Here, the plaintiff was afforded ample opportunity to present his case to the court. See Stone, 546 F.2d at 735 (agreeing with the plaintiff that "the right of access to the courts encompasses the right of the inmate to have his case presented," but disagreeing "that a plaintiff-inmate must be given the opportunity, in all instances, to appear personally and present his version of the facts"). The hearing transcript shows that the plaintiff had full opportunity to — and, in fact, did — actively participate in the hearing. He objected to certain testimony by the defendant and the court considered and responded to the plaintiff's objection. He was also given an opportunity to respond to the defendant's testimony. Thus, the plaintiff was allowed to present his case and participate in the hearing. In light of these circumstances, we hold that the trial court did not err by denying the plaintiff's motion to personally appear and by conducting the hearing by video conference. See Thornton, 428 F.3d at 698 (finding that "district court did not abuse its discretion in conducting [prisoner's civil rights] trial by videoconference").

Affirmed.

HICKS, LYNN and BASSETT, JJ., concurred.