# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0675, <u>Roy Allen-Webber & a. v. EPJ Quality Jobs, LLC & a.</u>, the court on May 4, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  Defendant, Eric Jonilionis, appeals an order of the Circuit Court (Ryan, J.), following an evidentiary hearing, awarding damages of $5,832.58 plus interest and costs to the plaintiffs, Paul D. Allen-Webber and Roy Allen-Webber, on their small claim alleging defective performance of a contract to refinish flooring in their home.  On appeal, he argues that the trial court erred by finding that he performed the work in a deficient manner, and by denying his motion to continue the hearing which, according to the trial court, he did not support with documentation.  We affirm.

We will uphold the trial court's findings and rulings unless they lack evidentiary support or are legally erroneous.  <u>Vincent v. MacLean</u>, 166 N.H. 132, 134 (2014).  We defer to the trial court on matters such as resolving conflicts in testimony, evaluating the credibility of witnesses, and determining the weight of the evidence presented at trial.  <u>Id</u>.  It is the burden of the appealing party, here Jonilionis, to provide a record sufficient to decide the issues raised on appeal, and in the absence of a trial transcript, we assume that the evidence was sufficient to support the trial court's findings.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  In this case, Jonilionis has not provided a transcript of the hearing on the merits, and thus, we assume the evidence was sufficient to support the trial court's determination that the defendants performed the contracted-for work in a deficient manner, and reject Jonilionis's argument that the trial court erred by finding otherwise.

With respect to the request for a continuance, the trial court has broad discretion in managing the proceedings before it, and we will reverse its denial of the motion to continue only if Jonilionis establishes that its decision was clearly unreasonable to the prejudice of his case.  <u>Achille v. Achille</u>, 167 N.H. 706, 713 (2015).  Based upon our review of the record, we cannot conclude that the trial court unsustainably exercised its discretion by denying the motion to continue, or by denying Jonilionis's motion for reconsideration in which he reiterated the basis for the continuance request.  <u>See</u> <u>id</u>.

The plaintiffs' request in their memorandum of law to strike Jonilionis's brief is denied.  Likewise, Jonilionis's motions to strike the plaintiffs' memorandum of law and appendix are denied.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**