CHANG LI WANG, Plaintiff-Appellant, v. MARCUS BRUSH COMPANY, Defendant-Appellee.

First District (5th Division)   No. 1—04—1335

Opinion filed January 14, 2005.

Berton N. Ring, P.C., of Chicago (Berton N. Ring, of counsel), for appellant.

Sanford Khan, Ltd., of Chicago (Sanford Khan, of counsel), for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Chang Li Wang, appeals the order of the circuit court dismissing her complaint for possession pursuant to the Forcible Entry and Detainer Act (735 ILCS 5/9—101 *et seq.* (West 2000)). Plaintiff contends that the circuit court erred in finding that she had waived her claim for possession by accepting a rent check from defendant. We reverse and remand.

On March 27, 1989, defendant entered into a commercial lease for the first floor of 444 West 23rd Place (the premises) in Chicago. In August 2002, plaintiff became lessor of the premises and accepted monthly rental payments from defendant. At this time, there was no written lease agreement between the parties. On December 11, 2003, plaintiff sent defendant a 30-day notice to terminate the tenancy as of January 31, 2004. On or about February 1, 2004, defendant tendered a check to plaintiff for $5,022.98, purporting to be rent for February 2004. Plaintiff did not cash or deposit defendant's check. Rather, on February 20, 2004, plaintiff filed a two-count complaint in the circuit court seeking possession of the premises and damages for the use and occupancy of the premises.

Defendant filed a motion to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 2000)),

arguing that plaintiff waived her right to terminate the tenancy by receiving and possessing the check for February's rent. The trial court agreed and dismissed plaintiff's complaint. Plaintiff filed this timely appeal.

When ruling on a section 2—619 motion to dismiss, the court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997). The court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. *Chicago Flood Litigation*, 176 Ill. 2d at 189. Upon appeal, review is *de novo. Chicago Flood Litigation*, 176 Ill. 2d at 189.

■ Plaintiff contends the trial court erred in finding she had waived her right to terminate the tenancy by receiving and possessing the check for February's rent. Waiver consists of either an express or implied voluntary and intentional relinquishment of a known right. *Chatham Corp. v. Dann Insurance*, 351 Ill. App. 3d 353, 365 (2004). The acceptance of rent, even after a notice to quit has been given, is not itself a waiver, but merely evidence to be considered in accordance with all the circumstances. *Glad-Nan Corp. v. Henry's Drive-In, Inc.*, 29 Ill. App. 2d 363, 367 (1961); *Podbielniak v. Podbielniak*, 38 Ill. App. 2d 451, 460 (1962).

■ Defendant contends the failure to return the check with reasonable promptness constitutes a waiver. In support, plaintiff cites *Day-Luellwitz Lumber Co. v. Serrell*, 177 Ill. App. 30 (1913), where the appellate court held that the creditor's retention of a cashier's check from the debtor for 3½ months was unreasonable as a matter of law and therefore constituted an acceptance of the draft in payment of the account. The *Serrell* court noted that in "the case of the sender's own check or draft, it is but his order on funds which can not be disturbed or withdrawn from his control and use until it is presented; but if it be a cashier's check it is something for which the debtor has paid consideration and which has tied up out of his use and control the amount which he paid or is charged for it unless and until it is returned to him. Therefore, while it may well be that some affirmative use of the debtor's check or draft may be necessary to bind the creditor, the mere neglect or refusal promptly to return the check of a third party, and thus place the debtor in *statu quo*, might with equal reason be held to foreclose such a creditor from subsequent action." *Serrell*, 177 Ill. App. at 37.

*Serrell* was decided prior to 1935 and therefore is not binding authority. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 95 (1996). *Serrell* is also inapposite, as the present case involves a personal check, not a cashier's check for which the debtor had already

paid consideration. As discussed above, the *Serrell* court held that "some affirmative use of the debtor's [personal check] may be necessary to bind the creditor." *Serrell*, 177 Ill. App. at 37. There was no such "affirmative use" here; plaintiff did not cash, endorse, deposit, or otherwise affirmatively use the check tendered by the defendant. Further, unlike the 3½-month delay in *Serrell*, plaintiff here held the check for only three weeks prior to filing suit against defendant.

In sum, plaintiff sent defendant a 30-day notice to terminate the tenancy as of January 31, 2004. On February 1, 2004, defendant sent plaintiff a rent check for the month of February. Plaintiff did not cash or deposit the check in acceptance of defendant's continued tenancy; rather, she filed suit three weeks later for possession of the premises pursuant to the Forcible Entry and Detainer Act. These facts do not constitute a waiver, as plaintiff did not express or imply the voluntary relinquishment of her right to her possession of the premises. Accordingly, we reverse the order dismissing plaintiff's complaint and remand for further proceedings.

Reversed and remanded.

GALLAGHER and NEVILLE, JJ., concur.