Manchester District Court
No. 2007-349

COLONIAL VILLAGE, INC.

v.

ROBERT PELKEY

Argued: January 31, 2008
Opinion Issued: April 4, 2008

*Devine, Millimet & Branch, P.A.*, of Manchester (*Holly J. Kilibarda* on the brief and orally), for the plaintiff.

*Kazan & Shaughnessy, PLLC*, of Manchester (*Brian C. Shaughnessy* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, Robert Pelkey (tenant), appeals a decision of the Manchester District Court (*Lyons*, J.) granting the plaintiff, Colonial Village Inc. (landlord), possession of his apartment. *See* RSA ch. 540 (2007 & Supp. 2007). We affirm.

The record supports the following: The landlord entered into consecutive lease agreements with the tenant from 2002 through 2005. In September 2005, the landlord served the tenant with a notice to quit, but, thereafter, accepted rent from the tenant. At the first eviction hearing, the tenant argued that the landlord's acceptance of rent created a new tenancy, thus requiring the landlord to begin new eviction proceedings. He cited *Miller v. Slania Enterprises*, 150 N.H. 655, 657, 661 (2004), in which we held that a landlord who had obtained a writ of possession, but thereafter accepted

future rent and rental arrearages from the tenant, created a new tenancy and was required to bring a new eviction action. The trial court, also citing *Miller*, found that the landlord had not accepted the rent under circumstances that would overcome a presumption of waiver, such as placing the tenant "on notice that the eviction will proceed regardless of rent payment." Accordingly, it dismissed the first eviction action, and the tenant continued to occupy the apartment.

In a letter dated July 12, 2006, the landlord notified the tenant of its intention to serve him with a second notice to quit. *See* RSA 540:2, III (2007). The letter stated, "please be advised that [the landlord's] acceptance of . . . future rent should not be construed as a waiver to issue a notice to quit." On August 18, 2006, the landlord served the tenant with a new notice to quit. *See* RSA 540:2, II (2007). The tenant continued to pay the landlord rent, which it accepted.

After the second eviction hearing, in an order dated April 17, 2007, the trial court ruled in favor of the landlord, finding good cause to evict the tenant. It further found that "there are circumstances that could permit an eviction to go forward while the [landlord] continued to accept rent. Those circumstances are found in the instant case." The trial court went on to state that the tenant was informed "by letter that the eviction would proceed even if rent was paid." The tenant appealed the trial court's ruling that the landlord's acceptance of rent did not waive its right to evict him.

We will not disturb the findings of the trial court unless they lack evidentiary support or are erroneous as a matter of law. *Miller*, 150 N.H. at 659. Legal conclusions, as well as the application of law to fact, are reviewed independently for plain error. *Id.* Accordingly, our inquiry is to determine whether the evidence presented to the trial court reasonably supports its findings, and then whether the court's decision is consonant with applicable law. *Id.* Finally, we review questions of law *de novo. Id.*

The tenant argues that a landlord may not accept future rent during a pending possessory action because doing so waives the notice to quit, requiring the landlord to begin eviction proceedings anew. He argues that a landlord's acceptance of rent creates a new tenancy as a matter of law, relying principally upon *Miller*.

■ In *Miller*, we held that a landlord had created a new or renewed tenancy by accepting future rent. *Miller*, 150 N.H. at 657, 660-61. In that case, the landlord and tenants had entered into a residential lease which expired on May 25, 2002. *Id.* at 657. When the tenants failed to pay April rent, the landlord brought an eviction action and obtained a writ of possession. *Id.* Thereafter, the landlord agreed to let the tenants remain on the premises until May 25 in exchange for the tenants' payment of the April

and May rent. *Id.* The landlord accepted the tenants' rent without qualification. *Id.* at 661. We ruled that under these circumstances, the parties created either a new or renewed tenancy. *Id.* However, we noted "that it is undisputed that the landlord did not inform the tenants either orally or in writing that he intended to enforce the writ of possession despite the payment," *id.*, implying that if the landlord had notified the tenants that he intended to evict them, a different result might have been reached. We now make explicit what we implied in *Miller.* A landlord's acceptance of future rent does not necessarily create a new tenancy.

█ Here, the trial court did not err when it ruled that the landlord could proceed with the eviction despite accepting future rent. Unlike *Miller*, in which the landlord failed to notify the tenants that its acceptance of future rent did not waive its right to evict them, *Miller*, 150 N.H. at 661, the landlord in this case notified the tenant in its July 12 letter that its acceptance of future rent would not waive its right to evict him.

The July 12 letter expressly stated that "[the landlord's] acceptance of . . . future rent should not be construed as a waiver to issue a notice to quit." The tenant concedes that "the [landlord] did not intend to create a new tenancy by accepting rent from the [the tenant]." Though the tenant argues that the July 12 letter was ineffective because it was given to him before the landlord served him with a notice to quit, we disagree. In the context of this case, the July 12 letter, given to the tenant after the first eviction proceeding was dismissed and before the second one was initiated, served to put the tenant on notice that the landlord's acceptance of future rent would not waive its right to evict him. Further, after the tenant was served with a notice to quit, the landlord sent a letter to the tenant's attorney stating that it "intend[ed] to proceed with the eviction proceedings."

██ Our decisions in this case and *Miller* are consonant with other jurisdictions, which have held that "[a] landlord may waive the effect of a notice to quit by thereafter accepting rent unqualifiedly." 52 C.J.S. *Landlord* § 294 (2003). Whether a landlord has waived the right to evict a tenant is a fact question that requires "balancing of the evidence to show consent or a contrary intent." Annotation, *Landlord Consent to Extension or Renewal of Lease as Shown by Acceptance of Rent*, 45 A.L.R. 827, 831 (1956). Though there is agreement on the general rule, there is a split among jurisdictions concerning analysis of the evidence. Some courts have held that acceptance of rent creates a presumption of a new tenancy, while others do not. *Compare Corcoran Management Co. v. Withers*, 513 N.E.2d 218, 222-23 (Mass. App. Ct. 1987) (presumption created) *with Wang v. Marcus Brush Co.*, 823 N.E.2d 140, 141 (Ill. App. Ct. 2005) (no presump-

tion). However, all agree that where there is evidence that a landlord intended to continue with eviction proceedings, a new tenancy is not created.

The tenant also argues that the trial court misinterpreted RSA 540:13, VII by holding that the landlord could proceed with the eviction and accept rent. However, the trial court did not rely upon that statute, nor could it. RSA 540:13, VII (2007) "affirmatively creates a safe harbor for landlords [evicting tenants for non-payment of rent] . . . [to] accept *rental arrearages* from tenants without thereby creating a new tenancy." *Miller*, 150 N.H. at 660 (emphasis added). It provides that as long as "a tenant who makes such a payment does so with notice that the payment will not stop the eviction proceeding," the landlord may accept rental arrearages without creating a new tenancy. *Id.*; *see* RSA 540:13, VII. This provision is inapplicable to a landlord's acceptance of future rent. *Miller*, 150 N.H. at 660.

*Affirmed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.