# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2016-0158, <u>Ken Henderson & a. v. Jenny DeCilla</u>, the court on September 29, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Jenny DeCilla (tenant), appeals orders of the Circuit Court (<u>Desjardins</u>, J.): (1) evicting her from a residential property, <u>see</u> RSA 540:2, :13 (2007 & Supp. 2015); (2) denying her motions to compel production of documents and to convert the final hearing into a discovery hearing; and (3) dismissing her counterclaim and striking her defenses against the plaintiffs, Ken Henderson and Jean Henderson (landlords). She argues that the trial court erred by: (1) not compelling the landlords to comply with her discovery demands; (2) dismissing her counterclaim and striking her defenses on grounds that the property was "nonrestricted," <u>see</u> RSA 540:1-a, I (Supp. 2015), RSA 540:2, I, and that the landlords were not seeking unpaid rent, <u>see</u> RSA 540:13, III; and (3) not converting the final hearing into a discovery hearing, conducting the hearing on offers of proof, and allegedly depriving her of an opportunity to be heard and to present evidence.

The trial court has broad discretion to manage the proceedings before it. <u>Achille v. Achille</u>, 167 N.H. 706, 713 (2015). Its discretion encompasses disputes over a party's entitlement to discovery, <u>see</u> <u>Kukesh v. Mutrie</u>, 168 N.H. 76, 80 (2015), and whether to conduct a hearing on offers of proof, <u>see</u> <u>Thomas v. Finger</u>, 141 N.H. 134, 138 (1996); <u>Stewart v. Farrel</u>, 131 N.H. 458, 463 (1989). To establish that the trial court unsustainably exercised its discretion, the tenant bears the burden of proving that its rulings were clearly untenable or unreasonable to the prejudice of her case. <u>Kukesh</u>, 168 N.H. at 80.

We will uphold the trial court's findings unless they lack evidentiary support or are erroneous as a matter of law. <u>Colonial Village v. Pelkey</u>, 157 N.H. 91, 92 (2008). We review its legal conclusions, as well as the application of law to fact, independently for plain error. <u>Id</u>. Thus, our inquiry is to determine whether the evidence presented at trial reasonably supports the trial court's findings, and then whether its decision is consonant with applicable law. <u>Id</u>. We review any questions of law <u>de</u> <u>novo</u>. <u>Id</u>.

In this case, the evidence establishes that the tenant rented a single family home from the landlords under a one-year lease term that expired on September 30, 2015. The leased property was the only rental property owned by the landlords, and at no time did they own more than three single family homes. The evidence supports, therefore, the trial court's finding that the leased property was "nonrestricted." See RSA 540:1-a, I(a).

At some point near the expiration of the lease term, the landlords told the tenant that they were not going to renew the lease. On September 29, 2015, the tenant filed a petition pursuant to RSA chapter 540-A (2007 & Supp. 2015), alleging that the landlords had threatened to "lock her out" if she did not vacate the property by September 30. She also alleged that the property was or had been in a state of substantial disrepair, and that the landlords had not properly or timely repaired it. The tenant asserted that she was withholding rent pending the trial court's resolution of the matter. The trial court issued a temporary order requiring that the tenant be allowed full access to the leased property, and scheduled a hearing for October 28, 2015.

On October 6, 2015, the landlords served a demand for rent in the amount of $1,750, and an eviction notice requiring that the tenant vacate the property by November 6, 2015, because they had "plans for major renovations" requiring that it be unoccupied. On October 9, the landlords served a second eviction notice, requiring the tenant to vacate the property on or before November 8, 2015, and again identifying the reason for the eviction as their "plans for major renovations." The tenant filed a motion to strike the eviction notices and rent demand as retaliatory, and requested that the court allow her to retain the $1,750 she had withheld, abate the rent she had paid, and allow her to pay future rent to the court. Following the October 28 hearing, the trial court dismissed the RSA 540-A petition finding that the landlords had not willfully violated the statute, and denied the tenant's motion to strike without prejudice to her renewing the requested relief summarized above as a defense to an eviction.

After the tenant failed to vacate the property by November 8, the landlords filed the present possessory action, relying upon the October 9 eviction notice. The landlords did not assert any claim for unpaid rent. The tenant filed an answer with defenses and a counterclaim, asserting, among other things, that the property had numerous defects, and that the eviction was retaliatory. She requested that she be allowed to retain $2,625 in rent that she had withheld to that point, that she be awarded the rent she had previously paid, and that she be awarded attorney's fees, costs, and penalties under RSA chapter 358-A.

Additionally, the tenant served discovery on the landlords, demanding: (1) all photographs or video recordings of the leased property prior to her occupancy; (2) all "written exchanges" between the landlords and the tenant;

2

(3) all receipts for rent she had paid; (4) all documentation regarding repairs they had made to the property in response to her complaints; (5) all documentation demonstrating that her security deposit was in a segregated bank account; (6) all documentation demonstrating that all municipal code violations had been remedied; (7) all "written exchanges" between the landlords and a third party; (8) the names, addresses, and telephone numbers of "all professionals, licensed professionals and/or property managers that have dealt with" the property since her occupancy; (9) all "signed residential/capital improvement building contracts, estimate and work start dates for the major renovations" that the landlords intended to implement; (10) all "names, addresses and telephone numbers of all professionals that will be making the major renovations"; (11) all documents and pleadings the landlords had filed in the eviction; and (12) "all witness lists and trial exhibits" for the final hearing. The landlords objected, and as to each of the first ten requests, asserted that "this possessory action is not based on nonpayment of rent and thus this disclosure would not lead to any relevant discoverable information."

On January 27, 2016, the tenant moved to compel the landlords' compliance with the discovery, claiming that the requested information was necessary to defend the eviction and prove her defenses and counterclaim. She also sought to convert the final hearing, which was scheduled for February 16, 2016, into a "discovery compliance hearing." The landlords objected and moved to dismiss the tenant's counterclaim and strike her defenses. They argued that, because the leased premises constituted nonrestricted property, and because they had made no claim for unpaid rent, the tenant was not entitled to raise the defenses and counterclaim she had raised.

At the outset of the February 16 final hearing, the trial court asked whether the thirty minutes that had been scheduled would be sufficient to address the eviction as well as the outstanding motions. The landlords represented that they were prepared to submit a written offer of proof, and to address both the offer of proof and the outstanding motions in the time allotted to them. The tenant responded that she was not prepared to go forward with trial at all because she had not received the discovery she had demanded. The trial court then announced that the hearing would "address all three issues today," and that it would "make an order, depending on what [it] hear[d]."

In their offer of proof, the landlords established that they owned the property, that it satisfied the definition of nonrestricted property, that the lease had expired, that they desired to make certain repairs to the property requiring that it be unoccupied, that they had served the requisite eviction notice on the tenant, that she had not vacated the property, and that they were not seeking unpaid rent. They argued that, because the property was nonrestricted and the lease had expired, they could evict the tenant for any reason, and that, because they were not seeking unpaid rent, the tenant was not entitled under RSA 540:13, III to assert any counterclaims or defenses that might offset a

3

claim for rent.  Thus, they contended that the discovery the tenant sought was not relevant, and that her counterclaim should be dismissed and her defenses stricken.  They further argued that, to the extent the tenant was asserting a claim for retaliation under RSA 540:13-a (2007), she was not entitled to assert the claim because she owed them more than one week of rent.

The tenant countered that she did not owe any back rent because she had, in fact, been paying the rent she was withholding into a separate account.  She submitted an affidavit establishing that, at that point, she had withheld five months' worth of rent and had paid it into an account maintained by her father.  Regardless of whether the landlords had sought unpaid rent, she contended that she was entitled to pursue her retaliation claim.  She further argued that: (1) the landlords' October 6 rent demand effectively constituted a claim for unpaid rent; (2) they only served their eviction notices after she had complained about the property and filed her RSA 540-A petition; (3) the trial court's dismissal of the RSA 540-A action expressly allowed her to pursue her counterclaim and defenses; (4) the landlords were required to have good cause to evict her; and (5) their refusal to produce information concerning contractors whom they had contacted showed that, in fact, they had no plan to renovate the property and lacked good cause.  The landlords' refusal to produce the requested discovery, according to the tenant, left her unable to question witnesses, such as any contractors, and prejudiced her ability to defend the eviction.  With respect to contractors, the landlords responded that, because the tenant refused to vacate the property, they had not engaged any contractors, but that, in any event, there was no requirement under the statute that they make such arrangements prior to commencing their eviction.

The trial court granted the eviction, finding that it concerned nonrestricted property, and that the landlords had complied with RSA 540:3 and :5 (2007 & Supp. 2015).  The trial court incorporated the landlords' offer of proof into its order as its findings of fact and rulings of law.  The trial court further denied the motion to compel and to convert the final hearing into a discovery conference, and granted the motion to dismiss the tenant's counterclaim and strike her defenses, reasoning that the property was nonrestricted, that the landlords had complied with RSA 540:3 and :5, and that they had not made a claim for unpaid rent.  This appeal followed.

RSA chapter 540 (2007 & Supp. 2015) "authorizes summary possessory actions to simplify and facilitate the landlord's recovery of possession of the premises."  So. Willow Properties v. Burlington Coat Factory of N.H., 159 N.H. 494, 498 (2009).  Its purpose is to facilitate a landlord's expeditious recovery of possession upon the termination of a lease.  Id.  RSA chapter 540 differentiates "nonrestricted property" from "restricted property."  See generally RSA 540:2.  Regardless of whether a lease term has expired, a landlord may terminate a tenancy involving restricted property only for certain limited reasons constituting good cause.  RSA 540:2, II; see AIMCO Props. v. Dziewisz, 152

4

N.H. 587, 590-91 (2005). The owner of nonrestricted property, by contrast, need only serve an eviction notice in accordance with RSA 540:3 and :5 in order to terminate the tenancy. RSA 540:2, I. Although the notice is required to specify the reason for the eviction, see RSA 540:3, III; So. Willow Properties, 159 N.H. at 499, the landlord may terminate a tenancy involving nonrestricted property for any lawful reason, regardless of whether such reason amounts to good cause, see AIMCO Props., 152 N.H. at 590-91.

Although the statute allows a landlord to make a claim for up to $1,500 in unpaid rent, the landlord is not obligated to make such a claim in a possessory action. See RSA 540:13, III; Liam Hooksett, LLC v. Boynton, 157 N.H. 625, 629 (2008). The landlord's election to pursue a claim for unpaid rent, however, entitles the tenant to assert "any defense, claim, or counterclaim . . . which offsets or reduces the amount owed to" the landlord. RSA 540:13, III; Liam Hooksett, LLC, 157 N.H. at 629-30.

RSA 540:13-a provides a defense of retaliation in any possessory action for the tenant's good faith reporting of what the tenant reasonably believes is a violation of RSA chapter 540-A or of certain housing regulations, or for initiating an action in good faith pursuant to RSA chapter 540-A. RSA 540:13-a, I & II. The defense is not available, however, if the tenant "owes the landlord the equivalent of one week's rent or more." RSA 540:13-a. RSA 540:13-d also provides the tenant with a defense if the leased premises "are in substantial violation of the standards of fitness for health and safety set forth in RSA 48-A or in local codes, ordinances or bylaws established pursuant thereto." RSA 540:13-d, I. This defense is only available, however, in an action "based on non payment of rent." Id.; see Penrich, Inc. v. Sullivan, 140 N.H. 583, 588-89 (1995). Moreover, although RSA 540:13-d provides an affirmative defense to a possessory action based upon nonpayment of rent, nothing in the statute authorizes a tenant, absent a court order, to satisfy a rent obligation by paying such rent into an escrow account. See Penrich, Inc., 140 N.H. at 588-89.

In this case, regardless of whether the landlords served a demand for rent upon the tenant, the record unequivocally establishes that they neither based their eviction upon the tenant's nonpayment of rent, nor elected to seek unpaid rent pursuant to RSA 540:13, III. Rather, they sought possession only, following the termination of the lease, by serving an eviction notice in accordance with RSA 540:3 and :5 that specified a lawful reason for the eviction. Likewise, the record unequivocally establishes that the property was nonrestricted, that the tenant owed the landlords five months' worth of rent at the time of the final hearing, and that there was no order authorizing her to pay rent into an account managed by her father.

Under these circumstances, we cannot say that the trial court erred by dismissing the tenant's counterclaim and striking her defenses, or that it

5

unsustainably exercised its discretion by denying her motion to compel and not converting the final hearing into a "discovery conference." There was no claim for unpaid rent that would have entitled the tenant to assert "any defense, claim, or counterclaim . . . which offsets or reduces the amount owed to" the landlord, RSA 540:13, III, and the eviction was not based upon nonpayment of rent so as to entitle her to raise a defense under RSA 540:13-d. Nor was she entitled to assert a retaliatory eviction claim due to her delinquency of more than one week's worth of rent.

The tenant suggests that the trial court ruled that she was entitled to prove her claims and defenses when it denied her motion to strike the eviction notices as retaliatory in the RSA 540-A action. We disagree. In denying the motion to strike, the trial court merely preserved the tenant's ability to seek certain relief in the subsequent eviction action. It did not rule that, as a matter of law, such relief was available to the tenant under the facts of the case.

Because the tenant raised no claim or defense that she was entitled to pursue, the trial court did not err by dismissing her counterclaim and striking her defenses, and by not compelling the landlords to produce discovery relevant only to proving the counterclaim and defenses. To the extent the tenant argues that the discovery she sought concerning contracts for the anticipated improvements was necessary to defend against the possessory action, the landlords represented that they had not engaged any contractors as of the date of the hearing. Moreover, we agree with the landlords that nothing in RSA chapter 540 required that they do so prior to terminating a tenancy for nonrestricted property. Accordingly, the tenant has not established that the trial court's denial of the motion to compel and to convert the final hearing into a discovery conference was clearly untenable or unreasonable to the prejudice of her case. Kukesh, 168 N.H. at 80.

Finally, to the extent the tenant claims that the trial court deprived her of due process by holding the final hearing on offers of proof and allegedly denying her an opportunity to be heard and to present evidence, the record does not reflect that she objected to proceeding on offers of proof, requested that she be allowed to cross-examine the landlords, or argued that the trial court had deprived her of due process. Accordingly, these arguments are not preserved. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Moreover, the record reflects that the trial court provided the tenant with ample opportunity both to present evidence in defense of the possessory action and to argue the then-pending motions. It simply declined to allow her discovery of information that was not relevant to the possessory claim. We conclude that the evidence submitted at the final hearing reasonably supports the trial court's findings, and that its decision to grant the eviction, dismiss the tenant's

counterclaim, and strike her defenses was consistent with RSA chapter 540. <u>Colonial Village</u>, 157 N.H. at 92.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
