# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0242, <u>Kristopher Doane v. Brianne Sexton & a.</u>, the court on April 25, 2017, issued the following order:**

We decline the defendants' request that the questions presented in the plaintiff's brief "be stricken and/or quashed." Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Brianne Sexton and Alfred Scamman (tenants), appeal an order of the Circuit Court (<u>Morrison</u>, J.) granting the plaintiff, Kristopher Doane (landlord), a writ of possession and setting the tenants' weekly recognizance upon appeal at $500. <u>See</u> RSA 540:14 (Supp. 2016). We construe their brief to argue that: (1) the landlord improperly served the demand for rent and the notice of eviction, <u>see</u> RSA 540:5 (Supp. 2016); (2) they were not in arrears on the rent when they were served, <u>see</u> RSA 540:8 (2007); (3) the demand exceeded the amount of rent due, <u>see</u> <u>id.</u>; and (4) Sexton's father cured any arrearage within the time allowed, <u>see</u> RSA 540:9 (2007).

We will not disturb the findings of the trial court unless they lack evidentiary support or are erroneous as a matter of law. <u>Colonial Village v. Pelkey</u>, 157 N.H. 91, 92 (2008). The application of law to fact is reviewed independently for plain error. <u>Id</u>. Accordingly, our inquiry is to determine whether the evidence presented to the trial court reasonably supports its findings, and then whether the court's decision is consonant with applicable law. <u>Id</u>. We assume that the trial court made all subsidiary findings necessary to support its general findings. <u>See</u> <u>Nordic Inn Condo. Owners' Assoc. v. Ventullo</u>, 151 N.H. 571, 586 (2004). We defer to the trial court's judgment on issues such as resolving conflicts in the testimony, assessing the credibility of witnesses, and evaluating the weight of the evidence submitted at trial. <u>Vincent v. MacLean</u>, 166 N.H. 132, 134 (2014).

We first address whether the demand for rent and the notice of eviction were properly served. RSA 540:5 provides that "[a]ny notice of a demand for rent or an eviction notice may be served by any person and may be . . . left at [the tenants'] last and usual place of abode." Sexton testified that the landlord left the notice and demand with her brother, who was not a tenant, at the tenants' home while she and Scamman were not there. We conclude that this satisfied the statute.

We next address the trial court's implicit finding that the tenants were in arrears on the rent on December 25, 2015, when they were served. The landlord

testified that he received no rent after the first week of December. The tenants argued that they paid the December rent in full on November 30 and offered a photocopy of receipts from several money orders for varying amounts as proof. However, as the trial court noted, the receipts were arranged in the photocopy so that, although the landlord's name and "rent for 12/15" were handwritten on them, the printed dates and recipients were covered. Even after the trial court explained the inefficacy of the photocopy, although they provided an additional exhibit with their motion for reconsideration, the tenants did not provide the actual receipts. See Vincent, 166 N.H. at 134 (stating that we defer to trial court regarding credibility of witnesses and weight of evidence).

Accordingly, we conclude that the trial court's implicit finding that the tenants were in arrears on their rent when they were served with the demand was supported by the evidence and not legally erroneous. See Colonial Village, 157 N.H. at 92; Nordic Inn, 151 N.H. at 586.

We next address whether the demand, which was for $1,500, exceeded the rent owed. The landlord testified that on November 2, 2015, Scamman had agreed to pay $500 per week in rent each Monday in return for remaining in possession. He further testified that the tenants had paid this amount in November and for the first week in December, but had then ceased paying any rent. Sexton testified that "we didn't sign anything" and that "it was not me that agreed." Scamman did not testify on this issue.

The tenants argue on appeal that the demand for rent was improper because they had "a year lease [under] which $1500.00 is due monthly" and "do not have a week to week lease." However, the record contains only one page from a lease that does not indicate the parties or show any dates. Furthermore, in November 2015, the tenants successfully argued to the trial court that, pursuant to RSA 540:13, VII (2007), the landlord's acceptance of rent payments pursuant to an oral agreement, and without written notice of his intention to proceed with eviction, created a new tenancy. See Miller v. Slania Enters., 150 N.H. 655, 661 (2004).

The trial court's order that, upon appeal, the tenants' weekly recognizance would be $500 demonstrated its implicit finding that the tenants had agreed to pay $500 a week in rent. See RSA 540:14, I (requiring trial court, "[i]n cases based upon nonpayment of rent, . . . [to] state the actual amount of the tenant's current weekly rent . . . which must be paid into the court if any appeal is taken"). Furthermore, the court denied the tenants' motion to reduce the recognizance amount, which argued that it exceeded the rent. Although the tenants contend, without support, that the parol evidence rule prohibited the landlord from adding "new or oral terms to the written contract," the evidence supports the trial court's finding. See Colonial Village, 157 N.H. at 92. To the extent that the tenants argue that a lease must be in writing, we disagree. See

2

RSA 477:15 (2013) (providing that interests in land created without a written instrument "shall be deemed an estate at will only").

Thus, the evidence supports the trial court's implicit finding that, as of December 25, the tenants were $1,500 in arrears because they failed to pay $500 for each of the weeks beginning December 7, 14, and 21. See Colonial Village, 157 N.H. at 92.

Finally, we address the tenants' argument that on December 27, 2015, Sexton's father paid the landlord $9,000 to cure any arrearage and to satisfy the tenants' rent until June 2016. At the hearing, Sexton testified that she had been told that her father "made a payment" after December 25, but that she did not have a receipt for it. The landlord testified that he had not received any payment from the father.

When the tenants moved for reconsideration, they attached a document that appeared to be an affidavit from the father, bearing an execution date a week before the hearing and stating that he met the landlord on December 27 at Bank of America and paid the tenants' rent through the end of the lease. We note that December 27, 2015, was a Sunday. The copy of the purported affidavit provided on appeal also bears a photocopy of a purported receipt, allegedly signed by the landlord, for $9,000. On appeal, the landlord disputes the authenticity of the affidavit and receipt. No cancelled check was submitted. The trial court denied the motion to reconsider without a narrative order.

Whether to receive further evidence on a motion for reconsideration rests in the sound discretion of the trial court. Lillie-Putz Trust v. Downeast Energy Corp., 160 N.H. 716, 726 (2010). We review the trial court's ruling for an unsustainable exercise of discretion and will not overturn it unless the tenants can show that the ruling was clearly untenable or unreasonable to the prejudice of their case. See id. In this case, the trial court implicitly declined to accept the further evidence in the tenants' motion for reconsideration. The tenants do not explain their failure to provide this evidence at the hearing. Accordingly, we cannot conclude that the trial court's decision not to consider it was untenable or unreasonable. See id. Nor can we conclude that the trial court erred by not crediting Sexton's testimony that her father paid some amount toward her rent. See Vincent, 166 N.H. at 134.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3