# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0356, <u>Henry Balch & a. v. Tanya Muniz & a.</u>, the court on June 4, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendants, Tanya and Jimmy Muniz (tenants), appeal orders of the Circuit Court (<u>Kent</u>, R., approved by <u>Lyons</u> and <u>Chabot</u>, JJ.), following a hearing, granting possession of residential property to the plaintiffs, Henry and Janet Balch (landlords), for nonpayment of rent, and denying the tenants' motion for reconsideration. <u>See</u> RSA 540:2, :12, :13, :14 (Supp. 2020). We affirm.

"We will not disturb the findings of the trial court unless they lack evidentiary support or are erroneous as a matter of law." <u>Colonial Village v. Pelkey</u>, 157 N.H. 91, 92 (2008). "Legal conclusions, as well as the application of law to fact, are reviewed independently for plain error." <u>Id</u>. "Accordingly, our inquiry is to determine whether the evidence presented to the trial court reasonably supports its findings, and then whether the court's decision is consonant with applicable law." <u>Id</u>. "[W]e generally assume that a fact-finder makes all of the necessary factual findings to support its conclusion." <u>Dietz v. Town of Tuftonboro</u>, 171 N.H. 614, 619 (2019). "Finally, we review questions of law <u>de</u> <u>novo</u>." <u>Colonial Village</u>, 157 N.H. at 92.

The pertinent facts are as follows. In July 2020, the trial court held a hearing on the landlords' possessory action. At the hearing, counsel for the landlords represented, in an offer of proof, that "when the eviction notice was served on February 8th, the demand for rent was 900 dollars." Counsel stated that "[t]he eviction notice expired on February 16th," and that the tenants made one payment of $300 before the eviction notice expired, "and then another one made on February 23rd of 520 dollars, which was after the eviction notice expired." Accordingly, he argued, the tenants "did not cure the eviction notice." <u>See</u> RSA 540:9 (Supp. 2020) (providing tenants with an opportunity to defeat an eviction for nonpayment of rent by paying the amount due, plus certain liquidated damages, prior to the expiration of an eviction notice). Subsequently, one of the landlords testified to similar effect, stating that, after serving the tenants with the eviction notice on February 8, the tenants did not pay the $900 that was demanded before the expiration of the eviction notice on February 16. The eviction notice was offered as an exhibit, and has not been provided as part of the record on appeal. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (providing that appealing party has burden of providing all relevant portions of record on appeal, and that relevant portions of record not provided

are presumed to support trial court's decision). In response, one of the tenants testified that she "[has] the receipts to prove that I paid before the court date," that she had paid $300 on February 10, that the next payment was made on February 23, and that "the rest of the payments were done in March, . . . where I became current on March 12th." Following the hearing, the trial court ruled in favor of the landlords, finding, among other things, that the tenants had not paid the rent as required. The tenants' motion for reconsideration was denied, and this appeal followed.

As a threshold matter, we note that the tenants argue, for the first time on appeal, that they never received the February 8 eviction notice, and that the landlords never notified them that the landlords planned to proceed with the eviction even if they paid off the arrearage. See RSA 540:13, VII (providing that a landlord may accept payment of rental arrearage without creating new tenancy, so long as landlord informs tenant in writing of landlord's intent to proceed with eviction despite acceptance of such payments); Colonial Village, 157 N.H. at 93-94. However, because the tenants did not object to the admission of the February 8 eviction notice at the hearing, and because they did not raise these arguments before the trial court, these arguments are not preserved for our review. See Blagbrough Family Realty Trust v. A & T Forest Prods., 155 N.H. 29, 35 (2007) ("Where a party fails to demonstrate that it raised an issue before the trial court, the issue is not preserved for our review."); In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (observing that self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).[1]

Next, we consider the tenants' argument that the trial court erred when it found that they had not paid the rent as required. On appeal, the tenants contend that they cured their nonpayment of rent pursuant to RSA 540:9, arguing that they "can prove that at the time of the original court date[,] and when the continue[d] court date happened[,] both times they were caught up on their rent." The tenants have attached numerous rent receipts to their appellate brief in support of this argument. The landlords counter by observing that, unless the amount due was paid prior to the expiration of the eviction notice, RSA 540:9 does not provide the tenants with a defense. They argue that the tenants' testimony at the hearing "confirms that only one payment of $300.00 was made prior to the expiration of the eviction notice," and that the next payment made by the tenants, on February 23, 2020, was after the expiration date. Although the landlords argue that the tenants' receipts "were not placed into evidence before the trial court," the landlords note that, nonetheless, "these

---

[1] In any event, we note that the trial court found that, even though the tenants claimed they were, at the time of the hearing, current on their rent obligations, "the [eviction] Notice is clear that the landlord will proceed." Given that this finding is also supported by the offer of proof from the landlords' counsel, and because neither party provided us with a copy of the February 8 eviction notice, "we must assume that the evidence was sufficient to support the result reached by the trial court." Bean, 151 N.H. at 250.

documents confirm [the tenants'] testimony at trial that only one payment of $300.00 was made prior to the expiration of the eviction notice." We agree with the landlords.

RSA 540:9 provides:

> No tenancy shall be terminated for nonpayment of rent, utility charges, or any other lawful charge contained in a lease or an oral or written rental agreement if the tenant, before the expiration of the notice, pays or tenders all arrearages plus $15.00 as liquidated damages; provided, however, that a tenant may not defeat an eviction for nonpayment by use of this section more than 3 times within a 12-month period.

RSA 540:9.

Here, the record reflects that the eviction notice expired on February 16, 2020. Therefore, even if, as the tenants argue, they paid $300 on February 10, and paid the remainder of the arrearage either on February 23, or at some point thereafter in advance of the hearing date, the tenants have failed to demonstrate that they paid the full amount of the arrearage, plus $15, "before the expiration of the notice." RSA 540:9 (emphasis added). Indeed, neither the testimony at the hearing, nor the rent receipts submitted by the tenants on appeal, suggest otherwise.[2] Therefore, having concluded that the tenants failed to demonstrate that they cured their nonpayment of rent pursuant to RSA 540:9, we need not address the parties' remaining arguments with respect to whether the trial court erred by finding that the February 8 eviction notice was the fourth such notice within a year. See RSA 540:9 (providing that "a tenant may not defeat an eviction for nonpayment by use of this section more than 3 times within a 12-month period"); Antosz v. Allain, 163 N.H. 298, 302 (2012) (declining to address parties' other arguments where holding on one issue is dispositive).

---

[2] The tenants also argue that they "only received a demand for rent and one eviction notice for [$]650[,] and not [$]900." In support, they attached to their appellate brief an eviction notice dated February 2, 2020, which states that they owed $650 in back rent. The expiration date of this eviction notice is February 10, 2020. However, as discussed above, the tenants' argument that they never received the February 8 eviction notice is not preserved for our review. Moreover, because the record reflects that the February 2 eviction notice was not the basis for this eviction proceeding, and because there is nothing in the record to suggest that the February 2 eviction notice was ever presented to the trial court, we may not consider it. See Lake v. Sullivan, 145 N.H. 713, 717 (2001) ("On appeal, we consider only evidence and documents presented to the trial court."); Sup. Ct. R. 13.

In any event, we note that even if, as set forth in the February 2 eviction notice, the amount owed was $650 — not $900 — and even if the expiration date of the notice was February 10 — not February 16 — the record still reflects that, in either case, the tenants' payments would not have cured the arrearage before the expiration date of the eviction notice.

Accordingly, based on the record before us, we conclude that the trial court did not err when it found that the tenants had not paid the rent as required, and granted a writ of possession and judgment in favor of the landlords.  See Colonial Village, 157 N.H. at 92.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**