Durham District Court
No. 2004-317

MICHAEL GREEN

v.

SUMNER PROPERTIES, LLC

Argued: March 23, 2005
Opinion Issued: May 9, 2005

*Joanne M. Stella,* of Portsmouth, by brief and orally, for the plaintiff.

*Lynne C. Christie,* of Durham, by brief and orally, for the defendant.

GALWAY, J. The defendant, Sumner Properties, LLC (landlord), appeals the order of the Durham District Court (*Taube,* J.) awarding the plaintiff, Michael Green (tenant), $875 on his small claims action for rental reimbursement. We affirm.

The record supports the following facts. The tenant and his roommate, both college students, entered into a lease with the landlord for apartment number 21 at 24 Madbury Road in Durham. The lease ran from August 27, 2002, through May 25, 2003. It required the tenant and his roommate to pay $3,500, which was half of the entire rent for the lease's term, on or before August 1, 2002, and the remaining half on or before January 1, 2003. The tenant and his roommate were to share the apartment and split the rent evenly. Thus, the tenant's share of the amount due by August 1, 2002, was $1,750.

Before entering into the lease, the landlord's representative showed the apartment to the tenant. The tenant testified that the apartment had two bedrooms and a kitchen. The tenant believed that he and his roommate would each have a bedroom and would share the kitchen. When the tenant and his roommate arrived at 24 Madbury Road to move into the apartment, however, they discovered that a stranger already occupied one of the bedrooms, forcing the tenant and his roommate to share a bedroom.

The tenant immediately complained to the landlord about having to share a bedroom with his roommate and a kitchen with a stranger, and

continued to complain throughout the first semester. The landlord told the tenant that, as soon as one became available, he could move into a "single" unit. After the first semester of college ended, the landlord permitted the tenant to move into an apartment that allowed him to have his own bedroom. The parties entered into a new lease for this apartment.

The tenant brought a small claims action, seeking to recover $875, which represented one-half of the rent he paid to live in apartment 21. The tenant sought this amount for having had to share a bedroom with his roommate. The trial court ruled in the tenant's favor, finding that the landlord's agent had induced the tenant to enter into the lease for apartment 21 by misrepresenting the number of bedrooms in the apartment. The court found that $875 was a "fair measure" of the tenant's damages.

On appeal, the landlord first argues that there was insufficient evidence for the trial court to find that the agent misrepresented the apartment's number of bedrooms. We will uphold the findings and rulings of the trial court unless they lack evidential support or are legally erroneous. *Cook v. Sullivan*, 149 N.H. 774, 780 (2003). "[W]e defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." *Id.*

The record supports the trial court's finding of misrepresentation. The evidence included the tenant's offer of proof that when the landlord's agent showed him the apartment, the tenant joked that "if he got there first, he could pick the larger bedroom." The evidence also included the tenant's testimony that when the agent showed him the apartment, he was shown both bedrooms.

Although the landlord offered evidence that apartment 21 is a one-bedroom apartment that shares a kitchen with apartment 22, another one-bedroom apartment, and that each apartment has its own separately numbered door, the tenant testified that when he was shown the apartment, there was no number on the door. It was for the trial court, as fact finder, to resolve such conflicting evidence and judge the credibility of witnesses. *See Catalano v. Town of Windham*, 133 N.H. 504, 512 (1990).

The landlord next asserts that the tenant was not entitled to rental reimbursement because, even if he was induced to enter into the lease by a material misrepresentation, he ratified the lease by remaining in apartment 21.

■ The landlord's argument stems from a mistaken assumption. While ratification may deprive a party of contractual remedies, *see Keshishian v.*

*CMC Radiologists*, 142 N.H. 168, 173 (1997), it does not deprive the party of tort remedies, *see Mertens v. Wolfeboro Nat'l Bank*, 119 N.H. 453, 455-56 (1979). A party entering into an agreement in reliance upon a misrepresentation of a material fact has two choices. *See id.* at 455. "[H]e may justifiably elect to rescind or disaffirm the agreement and refuse to proceed further with the transaction[,]" or "he may elect to affirm the contract, keep its benefits, perform his obligations thereunder, and sue for damages" for misrepresentation. *Id.* Thus, even if we assume that the tenant ratified the lease, he was still entitled to seek tort damages for the landlord's misrepresentation. As the landlord does not challenge the amount of damages awarded, we express no opinion thereon.

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.