# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0668, <u>Regent Park Associates v. Caleb Baird & a.</u>, the court on June 23, 2016, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Caleb Baird and Ann Walsh (tenants), appeal an order of the Circuit Court (<u>Moore</u>, J.) denying their motion for a hearing and to strike the default judgment against them in the possessory action brought by the plaintiff, Regent Park Associates (landlord). <u>See</u> RSA 540:13 (2007). We construe the tenants' brief to argue that the trial court erred by not striking the default judgment against them or scheduling a hearing because: (1) they were denied due process under the Federal Constitution when the landlord brought a possessory action against them without providing them with demand or eviction notices, <u>see</u> RSA 540:13, I; (2) the landlord failed to comply with statutory requirements because it did not serve them with demand or eviction notices, <u>see</u> RSA 540:3, :4 (2007); and (3) the landlord filed its action when it knew that the tenants were out of the country and would not return until after the appearance deadline.

We first address the tenants' constitutional argument. The appellant has the burden to provide this court with a record sufficient to demonstrate that the issues on appeal have been raised before the trial court. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 69 (2012). The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. <u>See</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006). In this case, the record establishes that the tenants did not raise a constitutional argument to the trial court. Accordingly, we decline to address it. <u>See</u> <u>Malborn Realty</u>, 164 N.H. at 69-70.

We next address the tenants' statutory argument. RSA 540:13, I authorizes a landlord to seek possession after the tenant has been notified, in writing, to quit. RSA 540:5, I (Supp. 2015) provides that a demand for rent or an eviction notice may be served by delivery to the tenant's abode and that

"[p]roof of service must be shown by a true and attested copy of the notice accompanied by an affidavit of service, but the affidavit need not be sworn under oath." We will uphold the findings and rulings of the trial court unless they lack evidentiary support or are legally erroneous. Green v. Sumner Props., 152 N.H. 183, 184 (2005). We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. Id.

The tenants argue that the trial court "blindly accept[ed] the landlord's argument that . . . [it] had delivered the documents properly" despite their statement that a "[n]otice to quit was never delivered." However, the landlord provided the trial court with copies of eviction notices and demands for rent, together with affidavits that they had been served upon the tenants by leaving them at the tenants' abode prior to their leaving on vacation. In contrast, the tenants did not support their assertion that they had not received such notices with an affidavit or otherwise.

Furthermore, the tenants do not contest the landlord's representation that their rent check was returned for insufficient funds a number of days before they left on vacation, that the property manager discussed the dishonored check with defendant Baird before they left, and that they failed to pay their rent before leaving and failed to pay the next month's rent. Thus, we conclude that the trial court's implicit finding that the tenants were provided proper notification to quit is supported by the record and not clearly erroneous. See id.

The tenants do not cite, nor are we aware of, any authority that the landlord was required to wait for their return from vacation to file its possessory action. Although the tenants argue that the landlord acted in bad faith by waiting to file the possessory action until it knew they were out of the country, the record does not support that they made this argument to the trial court. Accordingly, we decline to address it. See Malborn Realty, 164 N.H. at 69-70.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2