# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0717, <u>Winnie Zeng v. Ryan Amaro</u>, the court on October 2, 2020, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Ryan Amaro (tenant), appeals an order of the Circuit Court (<u>Gorman</u>, J.) that, among other things, awarded the landlord, Winnie Zeng, possession of the premises. We affirm.

We will uphold the findings and rulings of the trial court unless they lack evidentiary support or are legally erroneous. <u>Green v. Sumner Props.</u>, 152 N.H. 183, 184 (2005). We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>Id</u>.

On appeal, the tenant first argues that the trial court erred by denying his motion to dismiss or for a continuance based upon the landlord's failure to provide certain discovery. Whether to dismiss or to continue a case for failure to comply with a discovery order is within the trial court's sound discretion. <u>See</u> <u>Estate of Sicotte v. Lubin & Meyer</u>, 157 N.H. 670, 673 (2008) (concerning dismissal); <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 793 (2015) (concerning continuance). We review both decisions under our unsustainable exercise of discretion standard. <u>Kempton</u>, 167 N.H. at 793. To meet this standard, the tenant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>See</u> <u>Kukesh v. Mutrie</u>, 168 N.H. 76, 80 (2015).

Here, the trial court determined that its order granting the tenant's motion for discovery had not been served on the parties. Accordingly, the trial court did not find that the landlord failed to comply with its discovery order and, therefore, declined to dismiss the landlord's action or to continue it as a discovery sanction. Additionally, the tenant has not demonstrated that the landlord's failure to provide certain of the information sought in discovery caused him prejudice. For instance, to the extent the tenant sought receipts showing his rental payments, the landlord provided them at trial, and the tenant admitted that he failed to pay rent for October and November. Similarly, to the extent that the tenant sought information relevant to his claim that the landlord failed to comply with the statute governing security deposits, he prevailed on that claim. Accordingly, under all of the above circumstances,

we cannot say that in denying the tenant's motion to dismiss or for a continuance, the trial court unsustainably exercised its discretion.

The tenant next asserts that the trial court erroneously calculated his damages on his counterclaim asserting that the landlord had failed to comply with the statute governing security deposits. See RSA 540-A:6 (Supp. 2019). The trial court found that the landlord violated RSA 540-A:6, I(b) because she "failed to deliver to the tenant a signed receipt stating the amount of the security deposit and specifying the place where the deposit would be held." See RSA 540-A:6, I(b). The court found that the landlord also violated RSA 540-A:6, II(a) because she "failed to hold the security deposit in trust and not co-mingle the funds with [her] personal money[ ]." See RSA 540-A:6, II(a).

RSA 540-A:8, I, provides that "[a]ny landlord who does not comply with RSA 540-A:6, I, II or III shall be deemed to have violated RSA 358-A:2." RSA 540-A:8, I (2007). RSA 358-A:2 sets forth acts deemed unlawful under the Consumer Protection Act (CPA). See RSA 358-A:2 (Supp. 2019) (amended 2020). Pursuant to RSA 358-A:10, I, under the CPA, "[i]f the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater." RSA 358-A:10, I (2007). "If the court finds that . . . the act . . . was a willful or knowing violation . . . , it shall award as much as 3 times, but not less than 2 times, such amount." Id.

Here, the trial court determined that because the tenant had not shown any actual damages, he was entitled to the statutory minimum amount of damages, $1,000. See id. The court then doubled the amount because it found that the landlord's violation was knowing, but declined to triple it because it found that the violation was not willful. See id.

The tenant argues that the trial court erred by not considering each violation of RSA 540-A:6 separately and awarding him damages for each violation. He contends that had the trial court done so, it would have then been compelled to dismiss the landlord's claim for possession of the premises. See RSA 540:13, III (2007) (providing, in pertinent part, that "[i]f the court determines that the amount owed by the landlord to the tenant, as a result of set-off or counterclaim, exceeds or equals the amount of rent and other lawful charges owed by the tenant to the landlord, judgment in the possessory action shall be granted in favor of the tenant").

The tenant, however, has not provided a record demonstrating that he made this argument in the trial court. It is a long-standing rule that a party may not have judicial review of issues he did not raise in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). It is the tenant's burden, as the appealing party, to demonstrate that he specifically raised the arguments articulated in his brief before the trial court. Thompson v. D'Errico, 163 N.H. 20, 22 (2011). To satisfy this preservation requirement, issues which

2

could not have been presented to the trial court before its decision had to have been presented to it in a motion for reconsideration.  See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).  Our rules are not relaxed for self-represented parties.  See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56-57 (2006).  Because the tenant has failed to demonstrate that he ever argued in the trial court that the court had mistakenly calculated his damages, we decline to address the merits of that argument on appeal.

The tenant next contends that the trial court erred when it denied his motion to dismiss the case based upon the landlord's allegedly improper service of the demand for rent and eviction notice.  RSA 540:5, I, provides: "Any notice of a demand for rent or an eviction notice may be served by any person and may be served upon the tenant personally or left at his or her last and usual place of abode."  RSA 540:5, I (Supp. 2019); see 4 Gordon J. MacDonald, New Hampshire Practice: Wiebusch on New Hampshire Civil Practice and Procedure § 10.03, at 10-4 (4th ed. 2014) (explaining that process may be served upon natural persons who are present or reside in New Hampshire "by giving a copy of the process to him or her at any place within the state ('in-hand service') or by leaving a copy of the process at his or her New Hampshire abode ('abode service')" (footnote omitted)).  By statute, a person's "abode" is "that designated by a person as his or her principal place of physical presence to the exclusion of all others."  RSA 21-6:a (Supp. 2019).

 "The issue critical to determining whether service has been properly perfected on an abode[ ] is whether the place where the process is left is the place where the defendant has been living and to which he or she may be expected to return in sufficient time to become apprised of the action and to prepare a response."  Nault v. Tirado, 155 N.H. 449, 451 (2007) (quotations and ellipsis omitted).  "The issue is not resolved by the character of the premises or the length of time in which the defendant has been in residence.  Thus, an abode may include the defendant's house, a hotel room, or a camping trailer."  MacDonald, supra § 10.04, at 10-5.

Here, the evidence supports the trial court's determination that the landlord left the demand for rent and eviction notice at "the place where the defendant [had] been living and to which he . . . [might] be expected to return" by placing them in his apartment door.  Nault, 155 N.H. at 451 (quotation omitted).  The landlord testified that she "stuck" the demand for rent and eviction notice in the door to the tenant's apartment.  She testified that, before doing so, she "bang[ed] [on] his door," but that the tenant locked the door and refused to open it.  The tenant testified that the photograph that the landlord submitted to show service of the documents depicted the documents in the door to his apartment.  Nonetheless, the tenant claimed that he never received either the demand or the eviction notice.  The trial court was not compelled to credit his testimony, and we will not disturb the trial court's credibility determinations on appeal.  See Green, 152 N.H. at 184.  Under these

circumstances, we conclude that the trial court did not err by finding that the landlord had properly perfected abode service.

The tenant argues that, to be lawful, the demand for rent and eviction notice had to be "left somewhere exclusive" to him. (Quotation omitted.) He asserts that leaving those documents in his apartment door is insufficient because the door faces a hallway to which others have access. To support this assertion, he relies upon an unpublished circuit court order in another eviction case involving different parties. However, such an order does not constitute binding precedent. Nor do we find the unpublished trial court order persuasive absent any information showing that the facts in the other eviction case are similar to those in this case.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**