# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0608, <u>Li Wei Lin v. Idalmy Castro</u>, the court on March 28, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Idalmy Castro (tenant), appeals an order of the Circuit Court (<u>Manchester</u>, J.) issuing the plaintiff, Li Wei Lin (landlord), a writ of possession. We affirm.

I

The following facts were found by the trial court or are part of the record submitted on appeal. Tenant rented an apartment unit in Manchester. The history of rent payments between the parties is irregular. Receipts from 2020-2022 indicate that tenant would make payment at varying times during the month, including mid-month payments. On August 13, 2023, landlord served tenant an eviction notice and demand for rent, asserting tenant failed to pay rent for the period of July 1, 2023 until August 31, 2023 and, therefore, owed $2,550 in back rent. The notice indicates that it was left at tenant's abode. Tenant asserts that she did not receive the notice.

The trial court held a hearing on September 21, 2023. On September 20, 2023, tenant obtained money orders in the amount of $2,550, the outstanding rent per the eviction notice, and she texted landlord a photograph of the money orders. Landlord responded, "I not accept that, please wait for tomorrow['s] hearing, again I don't want to have any pointless argument with you." At the hearing, landlord confirmed that tenant sought to pay the outstanding rent for July and August, but he explained that he would not accept the payment because, in addition to rent, he was owed court and late fees. Specifically, landlord testified, "[t]he amount is 2,550, but I'm not agreed. Since like last month, she don't want to respond to any court fee, late fee." Neither party provided additional evidence of any discussions regarding the amount of fees owed to landlord. Landlord testified that tenant owed rent for July and August and had also not paid for September. The eviction notice provides:

> To avoid eviction, you must pay your landlord the following amounts before your hearing in court:
>
> • All rent due or past due as of the day you make your payment;

- $15 in liquidated damages;

- Any other lawful charge(s) under your lease that you owe your landlord; and

- If you pay after an eviction case (Landlord and Tenant Writ) is filed in court, you must also pay the filing fee ($125) and any service costs, which are listed on the sheriff's return of service.

Landlord paid the sheriff $71.84 in service costs.

II

Tenant contends that the trial court contravened RSA 540:9, I (2021) when it declined to find that her tender to landlord of $2,550 in money orders necessitated dismissal. Consistent with the eviction notice, RSA 540:9, I, provides:

I. Any possessory action based solely on nonpayment of rent shall be dismissed if both of the following occur:

(a) The tenant, at any time prior to the hearing on the merits, pays to the landlord . . . all rent due and owing through the time of such payment plus other lawful charges contained in the lease, $15 liquidated damages, and any filing fee and service charges incurred by the landlord in connection with the possessory action; and

(b) The landlord also submits prior to the hearing date a receipt of such payment to court and states in writing that a copy of same receipt has also been forwarded to the tenant prior to the time and date of the hearing on the merits. If the landlord fails to file such receipt the hearing on the merits shall proceed, and if the tenant proves that payment has been made in accordance with subparagraph (a), the case shall be dismissed.

RSA 540:9, I (a), (b). Tenant argues that if RSA 540:9, I, is to have its intended remedial effect, a landlord should not be permitted to reject a tenant's offer to pay the rent amount identified in the eviction notice and required by the demand for rent.

On appeal, landlord argues that tenant's attempted payment of $2,550 was inadequate because at the time of the September 21, 2023 hearing tenant now owed more than the $2,550 set forth in the demand for rent. Landlord argues that RSA 540:9, I's "all rent due and owing through the time of such payment" language requires a tenant to tender a complete payment of all rent owed at the

2

time of the offer regardless of the amount set forth in the demand for rent. In this case, landlord argues September's rent must have also been included to require dismissal. We need not reach the issue of the lack of inclusion of September rent, because we agree with landlord's alternative argument that, "Even if [tenant] was only required to pay the amount of the demand for rent and not all rent due when the offer of payment was made, [tenant] failed to offer to pay the fifteen dollar liquidated damages set forth in RSA 540:9 and therefor by any standard of calculating the payment required to defeat the eviction, [tenant] failed to offer an amount that would have satisfied RSA 540:9."

Although tenant argues that she "was not notified of the full amount owed," the $15 in liquidated damages and the $125 filing fee are set forth in the eviction notice and RSA 540:9. Further, because the return of service is filed with the court, the information about those fees is available through inquiry with the trial court. Here, tenant did not attempt to pay any amount other than the rent owed per the demand for rent.

Tenant contends that "[i]f the trial court's decision is affirmed, then any landlord can refuse a payment made before the hearing on the merits in an eviction proceeding and evict the tenant." However, RSA 540:9, I(b) expressly contemplates such a circumstance. It provides that "If the landlord fails to file such receipt [of the tenant's curative payment] the hearing on the merits shall proceed, and if the tenant proves that payment has been made in accordance with subparagraph (a), the case shall be dismissed." Id. In this case, tenant demonstrated at trial that she had obtained money orders in the amount of the rent owed only and therefore was not entitled to dismissal.

Tenant also argues that eviction is flawed because she did not receive the notice of eviction or the demand for rent. At the hearing, tenant stated "I haven't received records of eviction[,]" possibly in reference to the eviction notice and the demand for rent. Landlord, however, indicated on the notice of eviction and the demand for rent that service was made by leaving the notice at tenant's abode. The trial court concluded in its final order that landlord properly served a written eviction notice to tenant. We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence, Cook v. Sullivan, 149 N.H. 774, 780 (2003), and we will uphold the findings and rulings of the trial court unless they lack evidential support or are legally erroneous. Green v. Sumner Properties, LLC, 152 N.H. 183, 184 (2005). Here, the court cannot conclude that the trial court's determination that landlord had properly completed service lacks evidentiary support and we therefore defer to its factual finding regarding service.

Finally, to the extent tenant asserts that landlord's tolerance of an irregular payment schedule at certain points during the tenancy constitutes an express or implied modification of the parties' agreement, the court finds that the

argument was not presented to the trial court and thus not preserved for appellate review.

III

Accordingly, the trial court's order is affirmed.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.


<strong>Timothy A. Gudas,<br>Clerk</strong>

4